IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| XCO LATIN WORKOUT, LLC, *et al.* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-198-N |
| | § | |
| VANESSA TORRES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff XCO Latin Workout, LLC ("XCO") and third-party defendant Jackeline Rodriguez's motion to dismiss [47] and Defendants Vanessa Torres and Functional Athletic Training Corporation's (collectively, "Counterclaim Plaintiffs") motion for leave [50]. For the following reasons, the Court grants the motion for leave and denies the motion to dismiss.

### I. ORIGINS OF THE DISPUTE

Plaintiffs Tube Trainer B.V., LLC ("Tube Trainer") and XCO allege that they are the owner and exclusive licensee, respectively, of the XCO trademark at issue in this matter. Defendant Vanessa Torres is a fitness instructor located in Puerto Rico, and the President of Functional Athletic Training Corporation ("Functional Athletic"). Plaintiffs sued the Defendants for alleged trademark infringement of the XCO mark. Defendants then brought counterclaims against XCO, Flexi-Sports GmbH ("Flexi-sports"), and Jackeline Rodriguez (collectively, "Counterclaim Defendants").

MEMORANDUM OPINION AND ORDER – PAGE 1

Torres alleges that, due to representations from Rodriguez, Torres obtained the designation of "Master Trainer-educator" in the exercise modality of XCO Trainers from Flexi-Sports, which held itself out as the exclusive licensee and distributor of the XCO mark. Torres further alleges that she entered a partnership with Rodriguez, which later dissolved. Torres claims that she maintained the exclusive rights to advertise the XCO mark in Puerto Rico through Functional Athletic. In light of this action for infringement of the XCO mark, Counterclaim Plaintiffs now claim they are the victims of fraud, as they were led to believe that they were licensed to utilize the XCO mark by Flexi-Sports. Jackeline Rodriguez moves to dismiss for lack of personal jurisdiction and to dismiss the fraud counterclaim for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

## II. LEGAL STANDARDS FOR MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(1) requires a Court to dismiss a claim for lack of subject matter jurisdiction. A district court possesses supplemental jurisdiction "in any civil action of which the district courts have original jurisdiction . . . over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The question under section 1367(a) is whether the supplemental claims are so related to the original claim that they derive from a common nucleus of operative fact." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (internal quotations omitted).

Federal Rule of Civil Procedure 12(b)(2) allows a Court to dismiss a party when the Court lacks personal jurisdiction over the defendant. The Texas long-arm statute reaches the limits of due process. *Hall v. Helicopteros Nacionales De Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984). The requirements of the Due Process Clause are satisfied if the non-resident defendant has sufficient minimum contacts with the forum state so that the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "If a defendant's contacts with the forum state are continuous and systematic, the court may exercise general jurisdiction over an action against the defendant . . . . A court may exercise specific jurisdiction over a defendant in a suit arising out of or related to the defendant's contact with the forum." *Special Industries, Inc. v. Zamil Group Holding Co.*, 578 F. App'x 325, 328 (5th Cir. 2014) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984)). The district court may receive "any combination of the recognized methods of discovery," including affidavits, interrogatories, and depositions to assist it in the jurisdictional analysis. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). A plaintiff has the burden of establishing personal jurisdiction by making out a *prima facie* case; proof by a preponderance is not required. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992).

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a cause of action when the complaint fails to state a claim upon which relief can be granted. To survive dismissal

under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)).  A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III.  THE COURT GRANTS THE MOTION FOR LEAVE AND DENIES THE MOTION TO DISMISS

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2).  Rule 15(a)(2) creates a strong presumption in favor of granting leave to amend, and the Court must do so, "unless there is a substantial reason to deny leave." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  For the reasons discussed below, the Court determines that the amended complaint that was attached to Counterclaim Plaintiffs' motion for leave is not futile and survives Rule 9. [50-1].  Because there is no substantial reason to deny leave, the Court grants Counterclaim Plaintiffs' motion for leave to file their amended complaint.

Counterclaim Defendants' motion to dismiss is based on Federal Rules of Civil Procedure 12(b)(1), (2), and (6). First, Counterclaim Defendants argue that this Court lacks subject matter jurisdiction over the fraud counterclaim because Counterclaim Plaintiffs' fraud claim is not related to the claims at issue in this suit. Second, Rodriguez argues that the Court lacks personal jurisdiction over her. Finally, Counterclaim Defendants argue that the amended counterclaim fails to state a claim upon which relief can be granted. For the following reasons, the Court denies the motion to dismiss and grants Counterclaim Plaintiffs leave to conduct jurisdictional discovery over Rodriguez.

### A. *The Court Has Subject Matter Jurisdiction Over the Fraud Claim*

Counterclaim Defendants allege that the Court lacks subject matter jurisdiction over Counterclaim Plaintiffs' fraud counterclaim. Counterclaim Defendants argue that the fraud counterclaim is unrelated to the claims in this action and is an attempt to relitigate an earlier dispute between Counterclaim Plaintiffs and Flexi-Sports. *See generally Functional Athletic Training Corp. v. Flexi-Sports GmbH*, No. 3:15-cv-01548-CVR (D.P.R. 2015). The Court disagrees and determines that the fraud counterclaim forms part of the same case or controversy. Here, the amended complaint states that Counterclaim Defendants made false representations as to their respective authority to grant licenses to the XCO Mark that is at the heart of this trademark infringement action. Assuming that the well-pleaded facts of the amended complaint are true for the purposes of this motion to dismiss, Counterclaim Defendants' trademark infringement claim arises directly from the alleged fraud committed on Counterclaim Plaintiffs. Accordingly, the Court possesses supplemental jurisdiction over the fraud counterclaim.

### B. *The Court Declines to Dismiss Rodriguez for Lack of Personal Jurisdiction*

Rodriguez argues that the Court lacks personal jurisdiction over her. In response, Counterclaim Plaintiffs claim that Rodriguez regularly appears in the state of Texas to provide videos, courses, and events to promote herself and her business. For instance, Rodriguez advertises through YouTube videos with titles such as "XCO LATIN WORKOUT BY JACKIE MASTER CLASS / TEXAS 2018" and "Xco Latin Workout by Jackie – Texas Tour 2018." Resp. 5 [50]. Counterclaim Defendants argue that Rodriguez is protected by the fiduciary shield doctrine. Under the fiduciary shield doctrine, "an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation[.]" *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).

> However, apart from any veil piercing theory seeking vicarious liability, it has long been established that "a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Levendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1985) (recognizing rule and holding employee individually liable for penning a libelous letter in the course and scope of his employment); *see also Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) (noting Texas's longstanding rule that a corporate agent is personally liable for his own fraudulent or tortious acts). "The law is well-settled that a corporate agent can be held individually liable for fraudulent statements or knowing misrepresentations even when they are made in the capacity of a representative of the corporation." *Kingston v. Helm*, 82 S.W.3d 755, 759 (Tex. App—Corpus Christi 2002, pet. denied).

*Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 666 (W.D. Tex. 2019). Regardless of the fiduciary shield doctrine's inapplicability to the case at hand, the fraud counterclaim is unrelated to Rodriguez's contacts with Texas. The Court determines

that it lacks personal jurisdiction over Rodriguez individually. The Court now turns to jurisdictional veil-piercing theories.

Texas law provides three broad theories under which a court may disregard the corporate fiction and pierce the corporate veil. The Court may pierce the corporate veil "when: 1) the corporation is the alter ego of its owners or shareholders, 2) the corporation is used for illegal purposes, and 3) the corporation is used as a sham to perpetrate a fraud." *Fed. & Deposit Co. of Maryland v. Com. Cas. Consultants, Inc.*, 976 F.2d 272, 274–75 (5th Cir. 1992) (citing *Castleberry v. Branscum*, 721 S.W.2d 270, 272–73 (Tex. 1986), *superseded in part by statute*, TEX. BUS. ORGS. CODE § 21.223). When disregarding the corporate fiction, "[n]either fraud nor an intent to defraud need be shown as a prerequisite to disregarding the corporate entity; it is sufficient if recognizing the separate corporate existence would bring about an inequitable result." *Castleberry*, 721 S.W.2d at 272–83 (requiring only constructive fraud for disregarding the corporate fiction for noncontractual claims). "Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests." *Id.* The Court notes, however, that Texas law distinguishes between jurisdictional and substantive veil piercing. *See PHC-Minden, L.P. v. Kimberly-Clark Corp*, 235 S.W.3d 163 (Tex. 2007) (noting that "fraud—which is vital to piercing the corporate veil [for liability under the Tex. Bus. Org. Code]—has no place in assessing contacts to determine personal jurisdiction."). While the case law is unclear, it appears that jurisdictional veil piercing typically occurs in the alter ego context, because alter egos are "one and the same corporation for purposes of

MEMORANDUM OPINION AND ORDER – PAGE 7

jurisdiction." *Id.*; *see also Borehole Seismic, LLC v. Int'l Oil & Gas Tech. Ltd.*, No. CIV.A. H-15-0613, 2015 WL 4979638, at *8 (S.D. Tex. Aug. 19, 2015) ("The Texas Supreme Court has observed that the doctrine of jurisdictional veil piercing is similar to the *alter ego* concept in substantive liability.") (emphasis added). The facts of the amended complaint suggest a plausible rationale for disregarding the corporate fiction under a "sham to perpetrate a fraud" theory. However, the Court has, thus far, found no clear authority as to the applicability of a "sham" theory for jurisdictional veil piercing. Moreover, the parties have not briefed the issue at any length. Thus, the Court declines to assert personal jurisdiction over Rodriguez through a sham theory at this time. The Court turns to Counterclaim Plaintiffs' alter ego theory.

Counterclaim Plaintiffs allege that Jackeline Rodriguez is the alter ego of XCO. "In determining whether an alter ego relationship exists, the court should focus on the relationship between the corporation and the entity or individual that allegedly abused corporate formalities." *Licea v. Curacao Drydock Co., Inc.*, 952 F.3d 207, 214 (5th Cir. 2015) (citing *Zahra Spiritual Trust v. United States*, 910 F.2d 240, 245 (5th Cir. 1990)). For jurisdictional veil piercing, "the degree of control the parent exercises must be greater than that normally associated with common ownership and directorship; the evidence must show that the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice." *Id.* at 213 (5th Cir. 2015) (quoting *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 175 (Tex. 2007)).

Counterclaim Plaintiffs have provided sparse factual support for their alter ego theory of jurisdiction, stating only that Rodriguez is the owner and controlling officer of

MEMORANDUM OPINION AND ORDER – PAGE 8

XCO. This, along with conclusory statements of alter ego status, is insufficient to establish alter ego status. *See, e.g.*, *Stuart*, 772 F.2d 1185, 1198 (5th Cir. 1985) (affirming dismissal of president of corporation when plaintiffs failed to cite factual support for alter ego theory). While the facts presented to the Court suggest a plausible rationale for disregarding the corporate fiction under either alter ego or sham to perpetrate a fraud, the Court is unable to properly determine whether it has jurisdiction over Rodriguez with the record and briefing before it. Thus, the Court grants leave to Counterclaim Plaintiffs to conduct jurisdictional discovery over Rodriguez for ninety (90) days. The parties may submit supplemental briefs no later than 105 days after the date of this Order.

### C. *Counterclaim Plaintiffs Have Stated a Claim Upon Which Relief Can Be Granted*

Counterclaim Defendants argue that Counterclaim Plaintiffs have failed to state a claim upon which relief can be granted. Counterclaim Defendants argue that (1) the statute of limitations bars the untimely fraud counterclaim and (2) the amended complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 9(b). The Court addresses each argument in turn.

*1. Statute of Limitations* — "To dismiss a complaint under Rule 12(b)(6) as barred by the statute of limitations, 'the face of the complaint must show beyond doubt that the statute of limitations period has run.'" *Motorola Mobility, Inc. v. TiVo Inc.*, No. 5:11-CV-053-JRG, 2013 WL 12040725 (E.D. Tex. Jan. 25, 2013) (quoting *La Porte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1255 (5th Cir. 1986)). Counterclaim Plaintiffs raise several issues in relation to the applicability of the statute of limitations. First, Counterclaim Plaintiffs argue that the alleged fraud occurred over several years. To the

MEMORANDUM OPINION AND ORDER – PAGE 9

extent that Counterclaim Plaintiffs suggest that the continuing tort doctrine applies, Counterclaim Plaintiffs have cited no authority to demonstrate that the doctrine applies to this case. Second, the parties contest whether the Texas or Puerto Rico statute of limitations applies to the fraud counterclaim. Regardless of whether the Court applies Texas or Puerto Rico law, the fraud counterclaim falls beyond the statute of limitations. Third, Counterclaim Plaintiffs allege that the discovery rule saves their otherwise untimely claim. For the following reasons, the Court determines that the application of the discovery rule is a question of fact that the Court cannot determine at this stage of the proceedings.

"Generally, a cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *Dell Computer Corp. v. Rodriguez*, 390 F.3d 377, 389 (5th Cir. 2004). "The discovery rule provides a 'very limited exception to statutes of limitations.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)). "Courts apply the discovery rule in limited circumstances where 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Cosgrave v. Cade*, 468 S.W.3d 32, 36 (Tex. 2015). "An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence." *Beavers*, 566 F.3d at 439. Here, Counterclaim Defendants argue that the discovery rule does not apply because Counterclaim Plaintiffs had both actual and constructive knowledge of the alleged fraud. First, Counterclaim Defendants allege that Counterclaim Plaintiffs had actual knowledge of the alleged fraud. Counterclaim Defendants rely on Torres' statement that

MEMORANDUM OPINION AND ORDER – PAGE 10

she discovered that Flexi-Sports was selling XCO products directly to clients in Puerto Rico in or around 2015 through XCO. This, however, does not establish actual knowledge of fraud, as the sale of XCO products by Counterclaim Defendants does not necessarily mean that Flexi-Sports lacked the authority to license Counterclaim Plaintiffs' use of the XCO mark. At most, the sale of XCO products in Puerto Rico might have led to the discovery of the alleged fraud. *See Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011) (noting that deferral of the limitations period "ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action."). Thus, while the sale of XCO products may have put Counterclaim Plaintiffs on constructive notice, it does not demonstrate that Counterclaim Plaintiffs possessed actual knowledge of the alleged fraud.

Second, the issue of whether Counterclaim Plaintiffs had constructive knowledge of the alleged fraud is a question of fact that the Court cannot resolve at this time. "Inquiries involving the discovery rule usually entail questions for the trier of fact." *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998). "However, the commencement of the limitations period may be determined as a matter of law if reasonable minds could not differ about the conclusion to be drawn from the facts in the record." *Id.* Here, Counterclaim Defendants argue that the registration of the XCO mark constitutes constructive notice as a matter of law. *See* 15 U.S.C. § 1072. However, at least one court has held that "constructive notice" under 15 U.S.C. § 1072 is not necessarily sufficient to establish chargeable knowledge for purposes of the discovery rule. *See Garcia v. Coleman*,

No. C-07-2279-EMC, 2008 WL 4166854, at *8 (N.D. Cal. Sept. 8, 2008) ("Simply because some courts have referred to 'constructive notice' in discussing the discovery rule does not by itself demonstrate an intent to import the meaning of 'constructive notice' from the state or trademark statutes."). Thus, "[a]bsent any authority establishing that registration automatically defeats the discovery rule, the Court sees no reason why the issue should not be treated as a factual question as is normally the case. Registration may be a relevant fact but itself is not dispositive." *Id.* Because neither party has cited, and the Court has been unable to find, any other relevant case law on the applicability of 15 U.S.C. § 1072 to the discovery rule, there is doubt that the statute of limitations period has run. Thus, the Court declines to dismiss the fraud counterclaim on the basis of the statute of limitations at this time.

*2. Rule 9* — The Court determines that the amended complaint satisfies the requirements of Federal Rule of Civil Procedure 9. "Pleading 'fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 820 (5th Cir. 2020) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). The amended complaint describes the alleged fraudulent behavior of Counterclaim Defendants, including the extensive history between the parties dating back to 2012. Here, Counterclaim Plaintiffs allege that Counterclaim Defendants, first through Rodriguez and Flexi-Sports and then through XCO after its incorporation, misrepresented Flexi-Sports' authority to license Torres and Functional Athletics' use of the XCO mark. Counterclaim

Plaintiffs have adequately stated the "who, what, when, and where" as required by Rule 9(b). *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (quoting *Williams v. WMX Techs.*, *Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). Accordingly, the Court denies the motion to dismiss on the basis of Federal Rule of Civil Procedure 9.

## CONCLUSION

Accordingly, the Court grants the motion for leave and denies the motion to dismiss. Counterclaim Plaintiffs' amended answer [50-1] shall be deemed filed as of the date of entry of this Memorandum Opinion and Order. Because the Court cannot determine whether it possesses personal jurisdiction over Rodriguez, the Court grants Counterclaim Plaintiffs leave to conduct jurisdictional discovery regarding Rodriguez for ninety (90) days. The parties may submit supplemental briefs no later than 105 days after the date of this Order. Because the exercise of reasonable diligence is a question of fact and the Court determines that the amended complaint satisfies Federal Rule of Civil Procedure 9(b), the Court denies the motion to dismiss.

Signed July 8, 2021.

_____
David C. Godbey
United States District Judge